CLIFFORD v. THE OVERSEER OF THE POOR OF THE TOWN-SHIP OF FRANKFORD, IN THE COUNTY OF SUSSEX.

1. The object of a warrant is to bring the party defendant into court, and if legally insufficient for that purpose, objection should be made to it before the defendant submits himself to the jurisdiction of the court, and goes to trial on the merits of the case.
2. The general appearance of the defendant is a waiver of all objections to the form of the process and the manner of its service.
3. The due and proper effect of an order made under the supplement of 1864 to the vagrant act, (*Nix. Dig.* 1008,) upon the defendant to pay a certain sum for the support of his family for the space of one year, is not to absolve the defendant from all liability under the vagrant act to maintain his wife after the expiration of a year from the date of the first order. The first order cannot be set up as a bar to subsequent proceedings.
4. Before this court can interfere on *certiorari* with a matter confided to the discretion of the court below, it must be clearly shown that there has been an unwarrantable and illegal exercise of such discretion to the substantial injury of the party complaining.

On *certiorari* to the Court of General Quarter Sessions of the county of Sussex.

Argued at February Term, 1874, before Justices BEDLE, DALRIMPLE and DEPUE.

For the plaintiff, *L. Van Blarcom.*

For the defendant, *T. Anderson.*

The opinion of the court was delivered by

DALRIMPLE, J.   The writ in this case brings up the decree and proceedings of the Quarter Sessions of Sussex.  Under the supplement to the vagrant act, approved March 11th, 1864, (*Nix. Dig.* 1008,) the jury on the trial of the appeal in the the sessions, on the 23d of December, 1872, found the defendant guilty of the accusation of having neglected and refused to take care of and provide for his family.  The court thereupon adjudged that he pay to the overseer of the poor of the township of Frankford the sum of $3 per week, from the 20th of April, then last past, for the better relief of the neglected family, so long as such neglect should continue.

The first ground taken for reversal is, that the warrant issued by the justice for the apprehension of the defendant does not, in the words of the act, describe him as a husband or father.   The complaint upon which the warrant was founded avers that he is married, and there is no dispute about the fact.   The defect in the warrant, if any, is that in reciting the complaint, it states that it hath been made to appear that the defendant hath refused and neglected to take proper care of and provide for his family.   The defendant appeared before the justice on the return of the warrant and made no objection to the form of it, but entered into recognizance and consented to an adjournment of the trial to a future day, when it took place upon the merits without objection being made even then to the warrant.   The first objection to the process was made on the trial of the appeal in the sessions.   Assuming that the objection would have prevailed if it had been made on the return of the warrant, the defendant waived it.   That it would be unjust to reverse the judgment of the sessions for this alleged error, it seems to me must be manifest.   I do not intend to intimate, by what has been said, that the alleged insufficiency in the warrant exists.   It is not necessary under

the circumstances of this case, to determine that point. The only object of the warrant was to bring the party defendant into court, and if legally insufficient for that purpose, objection should have been made to it before he submitted himself to the jurisdiction of the court, and went to trial on the merits of the case. The rule is that a general appearance of the defendant is a waiver of all objections to the form of the process and the manner of its service. *Murat* v. *Hutchinson*, 1 *Harr.* 46; 3 *Chitty's Gen'l Pr.* 512; *D'Argent* v. *Vivant*, 1 *East.* 330.

The next point taken is, that the defendant had formerly been convicted of the same offence. The defence below on this ground was in substance *autre fois convict*. The evidence of it was, that on the 18th of June, 1870, complaint was made against the defendant for neglecting and refusing to support his wife, and that such proceedings were thereupon had, that on the 9th of July, then next following, it was adjudged that the defendant pay to the overseer of the poor of Frankford, for the support of his, defendant's family, the sum of $4.50 weekly, from the day of the date of that order, for the space of one year. The complaint in the case brought up, was made April 20th, 1872. The case agreed on shows that the defendant has never voluntarily contributed anything to the support of his wife, and before the making of the first order, declared he never would. I cannot see how the first order can be set up as a bar to the subsequent proceeding. It had spent its force and was of no effect at the time the proceedings in this case were instituted. We have not been shown by virtue of what legal principle we should hold that the due and proper effect of the first proceeding was to absolve the defendant from all liability under the vagrant act to maintain his wife after the expiration of a year from the date of the first order. There was no error in the refusal of the court below to hold that the first proceeding was, under the circumstances, no bar to the second, nor in admitting evidence of the declaration of the defendant made before the initiation of the first proceeding, of his intention not to live with or support

his wife. These declarations in connection with his admissions and conduct subsequent to the first proceedings, may have been evidence of the most satisfactory character to show the neglect and refusal to support his family, with which the defendant then stood charged.

The remaining objection is, that the order of the sessions is retrospective. That is, the defendant is adjudged to pay the weekly allowance commencing at the date of the complaint made before the justice. The trial before the justice resulted in a verdict in favor of the defendant. It will be seen by reference to the statute on which this proceeding is founded, (§§ 11 and 14,) that if the defendant is found guilty of the accusation, the court is, *at their discretion*, to take decree for the better relief of the neglected or deserted family. The desertion complained of commenced as early at least as the date of the complaint made to the justice. The defendant stood convicted before the sessions, of having deserted and neglected his family from that time. The whole question of amount was left to the sound discretion of the court to be exercised in view of the needs and circumstances of the family, the ability of the defendant and of all other facts going to show how much, as the case then stood before the court, it was reasonable and proper to adjudge the defendant should pay. I cannot say that the court violated any rule of law or principle of justice, in the result at which it arrived, but can very well see that there may have been very sufficient and cogent reasons why the weekly payments should have been made to commence at the time the legal proceedings were instituted. Before this court can interfere on *certiorari* with a matter confided to the discretion of the court below, it must be clearly shown that there has been an unwarrantable and illegal exercise of such discretion to the substantial injury of the party complaining. We find no evidence of this in the case sent up.

The result is, that the decree or order below must be affirmed, with costs.

Justices BEDLE and DEPUE concurred.